Abelino RODRIGUEZ,
Petitioner-Appellant,

v.

James RICKETTS, et al.,
Respondents-Appellees.

No. 84–2394.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 1985.*

Decided Dec. 2, 1985.

Abelino Rodriguez, pro se.

Diane D. Hienton, Phoenix, Ariz., for respondents-appellees.

Before BROWNING, Chief Judge, KENNEDY and HUG, Circuit Judges.

PER CURIAM:

Abelino Rodriguez, an Arizona prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1982). Rodriguez pleaded guilty in 1971 to second-degree murder and assault with a deadly weapon not a gun. The state court sentenced him and each of his two codefendants to a term of forty-five to seventy-five years for the murder and to a concurrent term of five to ten years for the assault. After exhausting state remedies, Rodriguez petitioned for habeas corpus relief in federal court. The district court denied the petition on the merits. We affirm.

Rodriguez contends his guilty plea was invalid because it was not supported by a factual basis on the record. Such a record is required under Arizona law. *State v. Norris*, 113 Ariz. 558, 559, 558 P.2d 903,

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

904 (1976). However, relief under section 2254(a) can be granted only for a violation of the United States Constitution, a federal statute, or a treaty.

■ In federal court, the requirement that there be a factual basis for a guilty plea arises from Federal Rule of Criminal Procedure 11(f). The question is whether the due process clause contains a similar requirement binding on the states. We conclude that the due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances. *See Banks v. McGougan,* 717 F.2d 186, 188 (5th Cir. 1983); *Wallace v. Turner,* 695 F.2d 545, 548 (11th Cir.1983); *White Hawk v. Solem,* 693 F.2d 825, 828 n. 5 (8th Cir.1982); *Sena v. Romero,* 617 F.2d 579, 581 (10th Cir. 1980); *Edwards v. Garrison,* 529 F.2d 1374, 1376 (4th Cir.1975); *Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir.1975); *cf. McCarthy v. United States,* 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969) (Rule 11 procedure "has not been held to be constitutionally mandated"); *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979).

■ We do not address a case where special circumstances exist, for example, a defendant's specific protestation of innocence, which might impose on a state court the constitutional duty to make inquiry and to determine if there is a factual basis for the plea. *See Banks v. McGougan,* 717 F.2d at 188 (citing *Willett v. Georgia,* 608 F.2d 538, 540 (5th Cir.1979) (it is constitutional error for a state judge to accept a guilty plea when the defendant protests his innocence without determining that a factual basis for the plea exists)); *Wallace v. Turner,* 695 F.2d at 548. There are no such special circumstances in this case. Though Rodriguez asserted in the district court habeas corpus proceeding that he did not plead intelligently and voluntarily, both because of his fear of the death penalty and the failure of the state judge to advise him of his right to remain silent, these contentions are without merit. Rodriguez told the state trial court which took the plea that his attorney had explained to him his rights, that he understood that by pleading guilty he gave up his right to trial and his right to confront witnesses against him, that he had full knowledge of the facts regarding the offense, that the charges of the indictment were true, and that his plea was voluntarily made. Under these circumstances, the record suffices to show that the plea was voluntarily and intelligently entered. A plea does not lack these characteristics merely because fear of the death penalty is a principal motivation. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). Moreover, the failure to give specific advice to the petitioner of a right against self-incrimination will not invalidate a plea where it otherwise appears that the petitioner was aware that he had the right not to plead guilty. *See United States v. Sherman,* 474 F.2d 303, 307 (9th Cir.1973).

■ Rodriguez also contends his sixth amendment rights were violated because his attorney on appeal had a conflict of interest. While the attorney represented only Rodriguez before the sentencing court, he represented both Rodriguez and Rodriguez's nephew in their common appeal. The district court denied relief because it found Rodriguez was not prejudiced by the alleged conflict. Rodriguez need not show prejudice to establish a sixth amendment violation. He must, however, show "that a conflict of interest actually affected the adequacy of his representation," that is, "that his counsel actively represented conflicting interests." *Cuyler v. Sullivan,* 446 U.S. 335, 349–50, 100 S.Ct. 1708, 1718–19, 64 L.Ed.2d 333 (1980). Rodriguez contends his attorney could not argue on appeal that the sentencing court should have been told, but was not, that the nephew had admitted the actual shooting. Had the attorney represented both Rodriguez and his nephew at the trial level, the argument might have merit. At the appellate level, however, Rodriguez's attorney could have made this argument on

Rodriguez's behalf without adversely affecting the position of the attorney's new client, Rodriguez's nephew. Thus, there was no conflict of interest between the two clients at the appellate level, the one level at which the attorney represented both.

Appellant's other contentions are meritless.

AFFIRMED.