951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James T. DONALD, Petitioner-Appellant,
v.
Howard PETERS, III and Roland W. Burris,**
Attorney General of Illinois, Respondents-Appellees.
 No. 90-3770.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 27, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 James T. Donald appeals pro se from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We AFFIRM for the reasons stated in the attached order of the district court.
 
 
 2
 UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
 
 
 3
 UNITED STATES OF AMERICA, ex rel., JAMES T. DONALD, Petitioner,
 
 
 4
 vs.
 
 
 5
 HOWARD PETERS, et al., Respondents.
 
 
 6
 Nov. 8, 1990.
 
 
 7
 No. 90-2224.
 
 ORDER
 
 8
 In June, 1990, James Donald filed a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. After determining that Donald sufficiently exhausted his state remedies and presented cognizable grounds for federal habeas relief, the court ordered the state to respond to Donald's claims. The court now denies the petition.
 
 
 9
 In October, 1984, Donald pleaded guilty in the Circuit Court of Montgomery County, Illinois, to murder and armed robbery. He was sentenced to concurrent terms of imprisonment of 32 years for the murder and 30 years for the armed robbery. Donald's subsequent request to withdraw those guilty pleas was denied. His post-conviction petition--which alleged that his counsel was ineffective because he coerced Donald into accepting the pleas--was also denied by the Illinois courts.
 
 
 10
 Donald presents three grounds for relief in his habeas petition. First, he claims that the trial court violated his right to due process by accepting a plea that had no factual basis in the record. Second, Donald claims that his appellate counsel was ineffective because he failed to raise on appeal the issue of whether the record demonstrated a factual basis sufficient to support Donald's guilty plea. Finally, Donald claims that his trial counsel was constitutionally ineffective because his counsel coerced his plea of guilty by misinforming him of the law concerning the death penalty. None of these claims has merit.
 
 
 11
 As for Donald's claim that the trial court erred in accepting his guilty plea without first determining the factual basis for that plea, the court finds that, given the facts of this case, the claim fails to present cognizable grounds for habeas relief. It is true that, under Illinois law, the trial court was bound to investigate the factual basis for Donald's guilty plea. See Ill.Rev.Stat., ch. 110A, para. 402(c) (1990). This Illinois law is expressly patterned after Federal Rule of Criminal Procedure 11, which requires that the factual basis for a guilty plea in federal court be established by the district judge. It is well-settled, however, that Rule 11 is not a constitutional requirement. United States v. Timmreck, 441 U.S. 780, 783 (1979) ("[A] violation [of Rule 11] is neither constitutional nor jurisdictional"); Montgomery v. Illinois, 473 F.2d 1382, 1383 (7th Cir.1973) (per curiam ) ("[D]ue process does not require the states to utilize all of the procedures required by Rule 11"); Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985) (per curiam ) ("[T]he due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances"). Thus, so long as a guilty plea is made voluntarily, knowingly and intelligently, federal due process is satisfied. See United States v. Fyre, 738 F.2d 196, 197 (7th Cir.1984).
 
 
 12
 Here, Donald asserts that his guilty plea was coerced due to his trial counsel's incorrectly informing him that, if he was found guilty at trial, he would receive the death penalty or life imprisonment. Yet the voluntariness of this plea was extensively explored, with the aid of an evidentiary hearing, in the state post-conviction proceeding. There, the Illinois courts expressly found that Donald's plea was voluntary. People v. Donald, Slip Op. No. 5-88-0751 (Ill.App.Ct., February 9, 1990), at 4. Moreover, the court's own examination of the record indicates that Donald (1) was correctly informed by the trial court of the possible penalties facing him if he lost at trial, (2) affirmed that he understood the charges against him, and (3) did not indicate, when asked, that he was unhappy with his counsel. Under these circumstances, the court must conclude that Donald's guilty plea was voluntary, knowing and intelligent as mandated by the due process clause. Thus, the failure of the trial court to establish in the record the factual basis for this plea does not constitute constitutional error.[1]
 
 
 13
 Donald's next claim for relief is that his appellate counsel was constitutionally ineffective in failing to raise on appeal the issue of whether there was a factual basis for the trial court's acceptance of his plea. The brief filed by Donald's counsel on direct appeal to the Illinois Appellate Court, however, argues that precise point. In fact, the brief makes only one argument for reversal, and it is that one. See Brief for Appellant, dated August 30, 1985. Thus, this claim is without merit.
 
 
 14
 Finally, Donald claims that his trial counsel was constitutionally ineffective because his counsel coerced his plea of guilty by misinforming him of the law concerning the death penalty. To demonstrate that his sixth amendment right to counsel has been violated, Donald must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 15
 Here, Donald cannot demonstrate that he satisfies the first prong. Essentially, Donald claims that, while counselling him on whether or not to accept the plea, his attorney informed him that a loss at trial would result in either life imprisonment or a sentence of death. The attorney flatly denies this allegation. Obviously, there is no record of this privileged conversation. As noted above, however, the Illinois courts investigated the basis of Donald's claim of coercion. Resolution of this claim required the state courts to sift through the conflicting versions of the events surrounding Donald's plea. After a hearing on the issue, the Illinois courts concluded that Donald's plea was voluntary, and that his counsel did not coerce him into pleading guilty. In the absence of evidence in the record to the contrary, that factual finding of voluntariness is entitled to a presumption of correctness in this court. 28 U.S.C. § 2254(d); see also Anderson v. Thieret, 903 F.2d 526, 529-30 (7th Cir.1990) (state court's finding, after a hearing, that habeas petitioner's confession was voluntary bound federal court). Thus, because Donald merely repeats his previously rejected version of the events without presenting any evidence of support, this court is bound to accept the finding of the state court.
 
 
 16
 Even if the court were to find that Donald's attorney acted improperly, however, Donald cannot demonstrate that this deficient performance prejudiced him. The correct potential punishment was read to Donald at his plea hearing, and Donald indicated that he understood that potential punishment. Trans., Hrg. on October 5, 1984, at 5. Moreover, Donald signed papers indicating that the maximum sentence that could be imposed on him was 40 years. Trans., Hrg. on November 17, 1988, at 32. Thus, even if the attorney misinformed him, Donald was not operating under any misapprehension when he made the final decision to plead guilty.
 
 
 17
 IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is denied.
 
 
 18
 /s/ Harold A. Baker
 
 Chief United States District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Pursuant to Fed.R.App.P. 43(c)(1), Roland W. Burris has been substituted for Neil F. Hartigan
 
 
 [1]
 This is not to say that the court condones the failure of the trial court to establish adequately the basis for Donald's plea as required by Illinois law. It is doubtful that the colloquy between the trial judge and Donald at the plea hearing would have satisfied the requirements of federal Rule 11