961 F.2d 216
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose DE LA ROSA, aka Jose Del La Rosa-Rodriguez; aka Jose
R. De La Rosa, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-55535.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 27, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose De La Rosa, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. De La Rosa, who pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), contends that the district court did not establish a factual basis for his guilty plea as required by Fed.R.Crim.P. 11(f). We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 For a section 2255 movant to successfully challenge a guilty plea based on a violation of Rule 11, he must establish that the error resulted in a complete miscarriage of justice or a violation of due process. See United States v. Timmreck, 441 U.S. 780, 783-85 (1979); United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987); see also Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985) (due process does not require a court to establish a factual basis for a guilty plea absent special circumstances, such as a defendant's specific protestation of innocence at a plea hearing). De La Rosa has not established a due process violation in this case. The transcript of the plea hearing reveals that De La Rosa admitted that he had 7,964.2 grams of cocaine in his possession and that he intended to sell, transfer, or deliver it to another person. There was a sufficient factual basis for his guilty plea, and the district court properly denied the section 2255 motion.
 
 
 4
 For the first time on appeal, De La Rosa challenges the voluntariness of his plea. Because there are no extraordinary circumstances warranting review of this contention for the first time on appeal, we decline to consider it. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985).
 
 
 5
 AFFIRMED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4