972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Edward MILLER, Petitioner-Appellant,
v.
Kenneth W. DUCHARME, Respondent-Appellee.
 No. 91-36050.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Edward Miller, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Miller, who was convicted of second-degree burglary, challenges the validity of a prior 1974 felony conviction for second-degree assault that was used to enhance his sentence. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 Miller, who pleaded guilty to the prior conviction, contends that his guilty plea was involuntary because he did not understand the "intent to commit a felony" element of second-degree assault. This contention fails.
 
 
 4
 Due process requires that a defendant be apprised of the nature of the charges, including the element of intent, to which a plea of guilty is entered. Henderson v. Morgan, 426 U.S. 637, 645-47 (1976). "It may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." Id. at 647 (invalidating guilty plea to second-degree murder because element of intent was never explained to a defendant of "unusually low mental capacity;" defendant was indicted on first-degree murder and no formal charge of second-degree murder was made); see United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990); accord Marshall v. Lonberger, 459 U.S. 422, 436-37 (1983) (applying the Henderson presumption to find a guilty plea voluntary under the due process clause despite no mention in the plea colloquy of the mens rea element of the crime for which the plea was entered); United States v. Newman, 912 F.2d 1119, 1124 (9th Cir.1990) (affirming denial of habeas petition even though the state court record was silent on a critical element of the offense, specific intent).
 
 
 5
 The record establishes that Miller was adequately apprised of the nature of the second-degree assault charge to which he pleaded guilty. Unlike the Henderson defendant, Miller, who has a twelfth-grade education and eight months of college, does not have an unusually low mental capacity. See Lonberger, 459 U.S. at 457 (applying this factor and distinguishing Henderson ); Newman, 912 F.2d at 1124 (same). The information charged Miller with assault with the intent to commit rape and was read to him in open court. See Lonberger, 459 U.S. at 457 (applying this factor and distinguishing Henderson ); Newman, 912 F.2d at 1124 (same). Miller also testified that he understood the charges made in the information. See Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (solemn declarations made in open court at the time of a plea carry a strong presumption of verity). The court then advised Miller of his constitutional rights and questioned him extensively about the element of intent.[1] Finally, Miller's attorney stated at the beginning of the plea proceeding that Miller had been "fully advised" and further stated to the district court that although he had no specific recollection of this case, it was his custom to "fully advise my clients of their constitutional rights." Given these circumstances and the Henderson presumption, we reject Miller's contention that his guilty plea to the prior conviction was invalid.
 
 
 6
 Miller also contends that his 1974 guilty plea is invalid because the trial court did not advise him specifically that he was waiving his constitutional right to avoid compulsory self-incrimination. This conviction lacks merit.
 
 
 7
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The accused must understand that he is waiving his constitutional rights to avoid compulsory self-incrimination, to confront his accusers, and to a trial by jury. Id. at 243. Waiver of these rights cannot be presumed from a silent record. Id. at 242-43.
 
 
 8
 Boykin, however, "does not require the state court to enumerate all of the rights a defendant waives as long as the record indicates that the plea was entered voluntarily and understandingly." Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986), cert. denied, 479 U.S. 1057 (1987). "[T]he failure to give specific advice to the petitioner of a right against self-incrimination will not invalidate a plea where it otherwise appears that the petitioner was aware that he had the right not to plead guilty." Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985).
 
 
 9
 The record demonstrates that Miller entered his guilty plea knowingly and voluntarily. The trial court engaged in an extensive dialogue with Miller regarding the right he was waiving:
 
 
 10
 THE COURT: Before I can accept your plea of guilty I have to review with you your rights to be sure that you understand them. Before I accept your plea of guilty I am advising you that you do have the right to a jury trial which would be a speedy and public trial. If you exercise your right to a trial and were unable to afford an attorney one would be provided to defend you at no cost to you. You have a right to see and hear any witnesses who would testify against you and to cross examine them through your lawyer. You would have the right to have witnesses who might testify on your behalf brought into court at no expense to you. The State would have the burden of proving your guilt beyond a reasonable doubt. If you were convicted at your trial you would have the right to an appeal to a higher court, including the services of an attorney and a free record of your trial at no cost to you.
 
 
 11
 THE DEFENDANT: I understand.
 
 
 12
 THE COURT: Do you understand these rights?
 
 
 13
 THE DEFENDANT: Yes.
 
 
 14
 THE COURT: Do you understand that if I accept your plea of guilty you lose these rights as I have mentioned?
 
 
 15
 THE DEFENDANT: Yes.
 
 
 16
 Furthermore, Miller's attorney told the trial court that he "fully advised" Miller and told the district court that he customarily advised his clients of their constitutional rights. Cf. Lonenberger, 459 U.S. at 436-37 (discussing the Henderson presumption). Finally, Miller admits that he pleaded guilty to a criminal charge before the same judge in 1972 and was advised of his privilege against self-incrimination. See Rodriguez, 777 F.2d at 528 (holding that this factor is persuasive); cf. Lonenberger, 459 U.S. at 437 (experience in the criminal justice system is relevant to whether defendant understood he was pleading guilty to offenses charged in the indictment (discussing Henderson, 426 U.S. at 645)). We reject his contention that his guilty plea was involuntary.
 
 
 17
 Finally, Miller contends that his 1974 guilty plea is invalid because the district court did not establish a factual basis for his guilty plea. This contention is meritless. "The due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." Rodriguez, 777 F.2d at 528 (suggesting that special circumstances, such as a defendant's specific protestation of innocence at a plea hearing, might impose upon a state court the constitutional duty to determine whether there is a factual basis for a guilty plea). There are no special circumstances here. See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Miller had previously asserted that he was under the influence of alcohol and drugs during the assault, the trial court discussed the intent element extensively. Miller testified that he "knew what [he] ... doing" during the assault, and his attorney stated that Miller's remarks regarding drug and alcohol use were not intended to be exculpatory but were intended as a mitigating factor so that Miller could receive counselling