978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leland Ray MARTY, Petitioner-Appellant,
v.
Angelo DANIELS, Deputy Warden; Robert Corbin, Attorney
General for the State of Arizona, Respondents-Appellees.
 No. 92-15503.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 23, 1992.*
Decided Oct. 29, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leland Ray Marty, an Arizona prisoner, appeals pro se the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his guilty plea conviction for reckless manslaughter. Marty contends that his plea of guilty to the manslaughter charge lacked a sufficient factual basis. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.
 
 
 3
 We review de novo the district court's dismissal of a habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 4
 Section 2254 provides for relief only for a violation of the United States Constitution, a federal statute, or a treaty. Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985) (per curiam). Absent special circumstances, "the due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea." Id. Special circumstances compelling a state court to establish a factual basis for a plea include a petitioner's protestation of innocence. Id.
 
 
 5
 Here, Marty pleaded guilty to one count of reckless manslaughter. The State of Arizona sentenced Marty to 15 years imprisonment. The state court of appeals upheld the conviction and found that there was sufficient evidence in the record to show a factual basis for each element of the crime of reckless manslaughter. The Arizona Supreme Court denied Marty's petition for review.
 
 
 6
 Marty does not allege that his plea was involuntary, unknowing, or unintelligent. His only claim is that the plea lacked a factual basis, in violation of Arizona state law. Marty failed to demonstrate any special circumstances, including a protestation of innocence at the plea hearing, that would allow for habeas relief under section 2254. See Rodriguez, 777 F.2d at 528. Accordingly, the district court properly dismissed Marty's petition for habeas relief.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3