5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Russell Lee WHITE, Petitioner-Appellant,
v.
Peter DEMOSTHENES, Nevada State Prison, et al., Respondent-Appellee.
 No. 92-16640.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 8, 1993.
 
 Before: REAVLEY,** PREGERSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Russell Lee White appeals pro se the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. In March 1984, White pleaded guilty to second-degree murder of Sophie Chavez.
 
 
 3
 1. White asserts that his guilty plea was involuntary because it was a result of ineffective assistance of counsel.
 
 
 4
 (a) First, White contends that his attorney failed to obtain evidence from nineteen fellow inmates. According to White, these nineteen inmates would have refuted the allegations of the three inmates who claimed that White admitted killing Sophie Chavez. White first raised this issue in state court in his motion for post-conviction relief. The state district court summarily denied White's motion, and the Nevada Supreme Court affirmed the denial, observing that his petition for post-conviction relief included only naked allegations. The Nevada Supreme Court held: "There being no allegations of facts that would have led to investigation by the reasonably effective trial counsel, we see no error in [the state district court's summary denial]." White then filed a state petition for habeas corpus, raising, inter alia, the same ineffective-counsel claim. The state district court summarily denied White's habeas claim, and the Nevada Supreme court affirmed, holding:
 
 
 5
 Because appellant failed to submit the inmates' statements to the district court in his prior post-conviction proceeding, we conclude that the district court did not err in denying summarily appellant's present claim of ineffective assistance of counsel. See Dromiack v. Warden, 97 Nev, 348, 630 P.2d 751 (1981) (district court need not consider successive post-conviction petitions that contain grounds for relief that could have been raised in prior petitions.)
 
 
 6
 White then brought a federal petition for habeas corpus in the district court. The district court held that this particular ineffective-assistance-of-counsel claim was procedurally defaulted in state court and that White failed to show in federal court "fundamental miscarriage of justice." See district court opinion at 2-4. We agree and further conclude that White has failed to show "cause and prejudice." See Harris v. Reed, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043 (1989). Furthermore, even if this claim was not procedurally defaulted in state district court, White has failed to show here that there is a reasonable probability that, but for counsel's alleged error, White would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985). As recognized by the district court, "competent counsel would probably still have advised [White] to plead guilty to the Second Degree Murder charge and [White] would have accepted that advice because the state had more than sufficient evidence with which to convict [White], without regard to the accusation of the three inmates...." See district court opinion at 15.
 
 
 7
 To the extent that White also argues that prosecution committed Brady violations by failing to disclose evidence that could have been used to impeach the three inmates, we further hold that White has failed to convince us that there is a reasonable probability that, had such evidence been disclosed to White, the result of the proceeding would have been different. See Barnes v. Lynaugh, 817 F.2d 336, 339 (5th Cir.1987). That is, assuming the prosecution did withhold evidence that could have later been used to impeach the three inmate witnesses, we do not believe that such non-disclosure so tainted the plea-taking as to render the guilty plea involuntary or unintelligent. See Cambell v. Marshall, 769 F.2d 314, 315-24 (6th Cir.1985), cert. denied, 475 U.S. 1048 (1986).
 
 
 8
 (b) White also claims that his attorney was ineffective because he failed to investigate the allegations by the three inmates. The federal district court addressed the merits of this ineffective-assistance-of-counsel claim. See district court opinion at 13-16; see also id. 13 n. 4 (holding that White's claim with respect to ineffective assistance of counsel is limited to counsel's failure to investigate the accusations of the three inmates and that White's other claim of ineffective assistance of counsel was procedurally defaulted in state court). We agree with the district court's conclusion that White has failed to show that there is a reasonable probability that, but for the counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59, 106 S.Ct. at 370.
 
 
 9
 2. White asserts that his guilty plea was involuntary because it was entered due to the "coercive effect" of a perjury conviction that was reversed subsequent to the entry of his guilty plea. See district court opinion at 12-13. White claims that his guilty plea was induced by his fear that the state would use this perjury conviction to impeach him if he elected to go to trial. Given his extensive criminal record (other than the perjury conviction) which might have been used at trial, the perjury conviction that was later reversed did not have an unconstitutional coercive effect on White's decision to plead guilty. We note further that the incident, though not a basis for criminal liability in Nevada, might have been used on cross-examination to attack White's character for truthfulness.
 
 
 10
 3. In accepting a guilty plea, a trial court must be satisfied that there is a factual basis for the plea. White asserts that there was an insufficient factual basis for his Alford plea and that the district court failed to resolve the conflict between his waiver of trial and his claim of innocence. See North Carolina v. Alford, 400 U.S. 25, 38 n. 10, 91 S.Ct. 160, 167-68 n. 10 (1970); Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985). Assuming arguendo that this is a proper ground for habeas relief, we have found adequate factual basis in the record for the district court's acceptance of White's plea. See id.
 
 
 11
 4. White contends that the state district court erred by summarily dismissing his petition for post-conviction relief without an evidentiary hearing on the issue of ineffective assistance of counsel. The state court's refusal to conduct an evidentiary hearing in this case does not amount to a constitutional violation.
 
 
 12
 5. The district court held that White's guilty plea was entered voluntarily, knowingly, and intelligently. See district court opinion at 7-11. The record supports these holdings by the district court.
 
 
 13
 6. Lastly, the federal district court did not err by not conducting an evidentiary hearing. The record was sufficient to decide this case.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3