24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert R. RUBISH, Petitioner-Appellant,
v.
Dan LUNGREN, Attorney General of the State of California;
James H. Gomez, Director of the DCD; Robert G.
Borg, Warden of Folsom Prison,
Defendants-Appellees.
 No. 93-15616.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1994.*
Decided April 21, 1994.
 
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Rubish has filed a petition for habeas corpus under 28 U.S.C. Sec. 2254 attacking his 1989 state conviction for second degree murder. The district court dismissed Rubish's petition. Although Rubish alleged four constitutional claims in his habeas petition, he raises only two on appeal. We affirm.
 
 
 3
 * Rubish asserts that the trial court committed federal constitutional error by failing to establish the factual basis for his guilty plea. "[T]he due process clause does not impose on a state court the duty to establish a factual basis for a guilty plea absent special circumstances." Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985). One "special circumstance" requiring development of a factual record is where a defendant makes a "specific protestation of innocence." Id.
 
 
 4
 Rubish made no such protestation of innocence at the time of his plea. Rubish admitted that he pulled out his gun with an "ill will" and placed it against Simonae DeLeon's head. These facts are sufficient to support a guilty plea, regardless of whether Rubish specifically intended to shoot DeLeon in the head. See People v. Nieto-Benitez, 13 Cal.Rptr.2d 864 (Cal.1992). The trial court thus did not commit constitutional error.
 
 II
 
 5
 Rubish moved to withdraw his guilty plea at his sentencing hearing, alleging that he had received ineffective assistance of counsel. According to Rubish, his attorney had not investigated his defense properly. To demonstrate ineffectiveness of counsel in the context of plea bargains, Rubish must show that he reasonably would not have pled guilty had his attorney properly investigated his defense. Hill v. Lockhard, 474 U.S. 52, 59 (1985).
 
 
 6
 Rubish has not met this burden. He asserts that his attorney failed to speak with two witnesses who were with Rubish on New Year's Eve and whom the attorney had subpoenaed. However, Rubish never explains how testimony from these witnesses would have been relevant to his state of mind at the time that he shot DeLeon, twenty-two days later. Rubish also claims that his attorney failed to interview bartenders at The Rack as to whether he was intoxicated on January 22. The district court found that the attorney had, in fact, interviewed the bartenders and had concluded that their testimony was too equivocal to use. The strategic decision not to call these witnesses was not objectively unreasonable. See, e.g., Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir.1992).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3