28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oscar Armando LOPEZ, Defendant-Appellant.
 No. 93-50193.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Decided May 23, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Armando Lopez appeals his conviction and fifty-one month sentence following entry of a conditional guilty plea for possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). Lopez contends the district court erred by (1) denying his motion to suppress; and (2) using a constitutionally invalid prior state conviction when computing his criminal history score. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Stop and Frisk
 
 
 4
 Lopez contends the arresting agents lacked reasonable suspicion to stop and frisk him, and the agents' use of force converted the stop into an arrest without probable cause. These contentions lack merit.
 
 
 5
 We review de novo whether reasonable suspicion existed to justify a stop and frisk. United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988). We review de novo whether a show of force converted an investigatory stop into an arrest. United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, 112 S.Ct. 164 (1991).
 
 
 6
 An investigatory stop must be justified by an objective basis that the person stopped may be or has been engaged in criminal activity. Thomas, 863 F.2d at 625 & n. 3. "A lawful frisk does not always flow from a justified stop," but if the officer "has reason to believe that the suspect is armed and dangerous, the officer may conduct a limited weapons search." Id. at 628. In determining whether reasonable suspicion exists, we consider the totality of the circumstances and interpret the facts in light of a trained officer's experience. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). The use of force during an investigatory stop "does not convert the stop into an arrest if the force is justified by concern for the safety of the officer or others." Harrington, 923 F.2d at 1373. The discovery of a concealed weapon during a frisk gives officers probable cause to arrest. United States v. Greene, 783 F.2d 1364, 1368 (9th Cir.), cert. denied, 476 U.S. 1185 (1986).
 
 
 7
 Here, several Immigration and Naturalization Service (INS) agents were executing deportation warrants at 11th and Lake Streets in Los Angeles, an area known for violent gang activity. While one group of INS agents questioned several men, agent Haldeman saw Lopez walk toward them. Because Lopez was dressed in loose fitting, gang attire and Haldeman did not want him to interfere with the field interview, Haldeman ordered Lopez to stop. Agent Tarin also saw Lopez walk toward the field interview area dressed in gang attire and thought he resembled one of the men in the warrants. Agent Carter, who was supervising the field interviews, also noticed Lopez had tattoos on his forearm and was dressed in gang attire. The agents ordered Lopez to stop in both English and Spanish, but Lopez did not immediately comply and appeared dazed. According to Haldeman, Lopez then reached his right hand toward his waistband. Carter testified that Lopez did not stop immediately and crouched down as if reaching for a weapon. Haldeman and Tarin then drew their weapons and ordered Lopez to raise his hands. Lopez slowly complied. Tarin frisked Lopez and found a pistol in his waistband.
 
 
 8
 Because Lopez resembled the descriptions in the warrants, was dressed in gang attire in an area known for violent gang activity, and was approaching the field interview area, the agents had reasonable suspicion to stop him. See United States v. Moreno, 891 F.2d 247, 249 (9th Cir.1989) (approaching own house, then driving away, while officers executing search warrant justified investigatory stop); Hernandez-Alvarado, 891 F.2d at 1417-18 (collecting cases in which characteristics of area, for example, known as drug or alien smuggling area, is factor in determining reasonable suspicion); Thomas 863 F.2d at 626 (resemblance to suspects' description factor supporting stop).
 
 
 9
 Because Lopez did not immediately comply with the agents' orders to stop, moved as if reaching for a weapon, was dressed in loose fitting clothing which could conceal a weapon, and was dressed in gang attire in an area known for gang violence, the agents had reasonable suspicion to frisk Lopez to ensure he was not armed. See Thomas, 863 F.2d at 629 (abrupt movements or clothes which could easily hide a weapon contributes to officer's reasonable belief that suspect is armed); United States v. Taylor, 716 F.2d 701, 709 (9th Cir.1983) (disobeying order and furtive movement justified frisk).
 
 
 10
 Although the uniformed agents drew their weapons and ordered Lopez to raise his hands, the amount of force did not convert the investigatory stop into an arrest because Lopez had not immediately complied with the orders to stop, had moved as if reaching for a weapon, and was dressed in gang attire in an area known for gang violence. See Harrington, 923 F.2d at 1373; Taylor, 716 F.2d at 708 (officers who ordered defendant to lie down and handcuffed him at gunpoint conducted valid stop because defendant did not immediately comply with order to raise hands and made furtive hand movements). Once the agents discovered the pistol in Lopez's waistband during the lawful frisk, they had probable cause to arrest him. See Greene, 783 F.2d at 1368. Accordingly, the district court properly denied the motion to suppress evidence.
 
 II
 Prior Conviction
 
 11
 Lopez contends the district court erred by considering his 1981 state conviction for assault with a deadly weapon when calculating his criminal history score. Lopez argues his no contest plea was not knowing and voluntary because the state court did not establish a factual basis for the charges and did not advise him that he was presumed innocent and had a right to appeal. We reject this contention.
 
 
 12
 We review de novo the voluntariness of a guilty plea. United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990).
 
 
 13
 A defendant is entitled to challenge the constitutionality of a prior conviction that will be used against him at sentencing. United States v. Vea-Gonzales, 999 F.2d 1326, 1334 (9th Cir.1993). A conviction is invalid if the defendant pleads guilty without waiving his rights to remain silent, to a jury trial, and to confront witnesses. Boykin v. Alabama, 395 U.S. 238, 243 (1969). The defendant has the burden by a preponderance of the evidence standard to establish the constitutional invalidity of the prior conviction. Newman, 912 F.2d at 1121-22; see, e.g., United States v. Carroll, 932 F.2d 823, 825 (9th Cir.1991) (burden not met when record showed defendant had personally waived Boykin rights and judge found plea was made voluntarily and knowingly). The due process clause does not impose upon a state court the duty to establish a factual basis for a guilty plea absent special circumstances, such as a defendant's specific protestation of innocence. Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985). Moreover, " 'it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.' " United States v. Bigman, 906 F.2d 392, 395 (9th Cir.1990) (quoting Henderson v. Morgan, 426 U.S. 637, 647 (1976)).
 
 
 14
 On August 20, 1981, Lopez pleaded no contest to assault with a deadly weapon in the Municipal Court of Los Angeles. The transcript of the plea hearing reflects that Lopez was represented by counsel and counsel waived the reading of the complaint. In response to questions from the court, Lopez stated he had discussed with his attorney the charges against him and fully understood them. Lopez expressly waived his rights to remain silent, to a jury trial, and to confront witnesses. In addition, Lopez stated he understood a jury trial included the right to have twelve jurors unanimously agree that he was guilty of the charges beyond a reasonable doubt and the prosecutor would produce witnesses against him. Defense counsel joined in the waivers and stipulated that there was a factual basis for the plea. Lopez entered a plea of no contest and the court found a knowing, intelligent, and voluntary waiver and accepted the plea.
 
 
 15
 Because the record shows Lopez personally and expressly waived his constitutional rights and the state court made a finding that the waivers were knowing and voluntary, Lopez has not carried his burden of proving the invalidity of his conviction. See Carroll, 932 F.2d at 825; Newman, 912 F.2d at 1121-22. The state court was not required to establish a factual basis for a plea because Lopez discussed the charges with his attorney and expressly entered a no contest plea without protesting his innocence. See Rodriguez, 777 F.2d at 528; accord Newman, 912 F.2d at 1123-24. Although Lopez told the state probation officer that he was not involved in one of the drive-by shootings, he did not protest his innocence during the plea hearing, thus we can assume that Lopez's attorney explained the nature of the offense to him. See Bigman, 906 F.2d at 395. Accordingly, the district court properly considered the 1981 conviction when calculating the criminal history score.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3