48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles Paul BLEVINS, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, Arizona Department of
Corrections; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 94-15638.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Paul Blevins, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. In 1988, Blevins pleaded guilty to attempted armed robbery. He contends the district court erred when it (1) denied his claims that (a) an insufficient factual basis existed for his plea and (b) his plea was involuntary; and (2) found his ineffective assistance of counsel claim procedurally barred. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. After accepting the district court's factual findings unless clearly erroneous and reviewing its conclusions of law de novo, Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990), we affirm.
 
 A. Insufficient Factual Basis for the Plea
 
 3
 Blevins contends that there was an insufficient factual basis for the plea. The district court rejected Blevins's claim on the grounds that (a) it involved only an issue of state law and, alternatively, (b) any rational trier of fact could have found the essential elements of armed robbery or attempted armed robbery beyond a reasonable doubt.
 
 
 4
 We reject Blevins's claim as a matter of law. Absent special circumstances not present here, the federal constitution does not require that state courts establish a factual basis for a guilty plea. Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985).
 
 B. Involuntary Plea
 
 5
 Blevins contends that his plea was involuntary because had he "known that 'threatens or uses force' and 'taking property of another from his person or immediate presence and against his will' are the essential elements of the crime which the state must prove beyond a reasonable doubt, [he] would not have pleaded guilty." The district court rejected this claim as belied by the record. We agree.
 
 
 6
 At his change of plea hearing, Blevins admitted that in the course of taking property from another, he:
 
 
 7
 used or threatened to use force against her with the intent to coerce surrender of property or to prevent resistance to [his] taking or retaining such property while [he] was armed with a deadly weapon or a simulated deadly weapon or used or threatened to use a deadly weapon or dangerous instrument or simulated deadly weapon, consisting of a gun.
 
 
 8
 Consequently, Blevins cannot contend that he pleaded guilty to attempted armed robbery without knowing that essential elements of armed robbery include " 'threatens or uses force' and 'taking property of another from his person or immediate presence and against his will.' "
 
 C. Ineffective Assistance of Counsel
 
 9
 Blevins insists his ineffective assistance claim is not procedurally barred because he raised the claim on direct appeal. Even were we to agree that Blevins should not be barred on this claim, we would reject the claim on its merits.
 
 
 10
 Blevins contends he was denied counsel at critical stages of the proceedings because the attorney from the Public Defender's Office who was assigned to represent him was not present at his change of plea hearing or at sentencing. Although Blevins's attorney of record was not present at every proceeding, the record shows that Blevins was represented at all stages of the proceedings by attorneys from the Public Defender's Office. Thus, contrary to Blevins's allegations, he was not denied counsel at any critical stage of the proceedings. See United States v. Cronic, 466 U.S. 648, 659 & n. 25 (1984).[1]
 
 
 11
 Blevins contends that counsel was ineffective because counsel did not ascertain and inform Blevins that his conduct did not constitute armed robbery. Blevins admits he left a bank with traveler's checks which he never paid for but he insists his conduct did not amount to armed robbery because the bank teller to whom he handed a note indicating that a pistol was pointed at her was not the same teller from whom he requested and received the traveler's checks. Essentially, Blevins argues that he did not take the traveler's checks by force or threat of force. This argument is legally frivolous; that Blevins received the checks from one teller without the use or threatened use of force does not negate that when asked for payment by the second teller, he retained the bank's property by threatening her with the use of a simulated deadly weapon. Finally, Blevins alleges that counsel incorrectly informed him that so long as the victim believed that Blevins had a gun, actual use or presence of a weapon was not required to convict for armed robbery. See State v. Rodriguez, 791 P.2d 633, 637-38 (Ariz.1990) (threatened use of a simulated deadly weapon is sufficient for armed robbery, but defendant must actually have been armed with the weapon). There is evidence in the record indicating that the second teller, after reading the threatening note which Blevins handed to her, saw the gun in the pouch which Blevins had on the counter. At sentencing, Blevins admitted that he used a BB gun. Because there is evidence in the record sufficient to establish all of the elements of armed robbery, counsel was not ineffective for failing to ascertain and inform Blevins that his conduct did not constitute armed robbery. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At sentencing, Blevins declined the judge's offer to set the matter over until the attorney from the Public Defender assigned to represent Blevins could be present