FILED

OCT 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASQUALE NIGRO, | No. 09-15277 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-00712-GEB-CHS |
| v. | |
| M. EVANS, warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted October 8, 2010[**]
San Francisco, California

Before: THOMPSON, SILVERMAN and McKEOWN, Circuit Judges.

Petitioner Pasquale Nigro appeals the denial of his petition for writ of habeas

corpus, filed pursuant to 28 U.S.C. § 2254.  He challenges on various constitutional

grounds the 96-year sentence he received after pleading *nolo contendere* to 21

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

felony sex offense counts. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Because the state courts' denial of Petitioner's claims was not "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2), we affirm.

First, we reject Petitioner's claim that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), required the trial court to find beyond a reasonable doubt those facts necessary to impose consecutive sentences. *Apprendi* does not apply to the imposition of consecutive sentences. *See Oregon v. Ice*, 129 S. Ct. 711, 717 (2009). Clearly established Supreme Court law requires sentencing facts to be proved only by a preponderance where, as here, they do not increase penalties beyond the statutory maximum. *See McMillian v. Pennsylvania*, 477 U.S. 79, 83–86 (1986); *accord United States v. Berger*, 587 F.3d 1038, 1047 (9th Cir. 2009). The preponderance standard was met here.

Second, we find unavailing Petitioner's claim that the trial court violated his rights to a jury trial and due process by denying his motion to withdraw his plea: Petitioner's plea was knowing and voluntary, as evidenced by his written plea waiver that he reaffirmed in open court, *see Bradshaw v. Stumpf*, 545 U.S. 175, 183

(2005); Petitioner has failed to demonstrate clearly and convincingly that he lacked competence to plead *nolo contendere*, in light of the ample record evidence to the contrary, *see* 28 U.S.C. § 2254(e)(1); and the trial court's purported failure to establish a factual basis for the plea despite the stipulation of counsel to the same is not a constitutional violation absent unusual circumstances not present here, *see Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985).

Third, we find meritless Petitioner's claim that his consecutive sentences violated the Ex Post Facto Clause. The trial court imposed mandatory consecutive sentences under Cal. Penal Code § 667.6(d). Although Cal. Penal Code § 1170.1 may have changed since Petitioner committed his crimes, he was sentenced pursuant to § 667.6(d), which had not.

Finally, Petitioner's 2001 *nolo contendere* plea forecloses him from collaterally attacking alleged speedy trial violations that occurred more than ten years before he plead. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam). Similarly, his plea forecloses his claim of pre-plea ineffective assistance of counsel, which is unrelated to the plea itself. *See Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994).

**AFFIRMED.**